**GEORGETOWN STEEL CORPORA-TION and Joe Etheridge, Defendants–Appellants,**

**v.**

**Lee Allen CHAFFEE and Carla Chaffee, Plaintiffs–Appellees.**

**No. 71A03–8706–CV–163.**

Court of Appeals of Indiana, Third District.

Feb. 22, 1988.

Rehearing Denied April 8, 1988.

 

Robert F. Gonderman, Sr., Robert F. Gonderman, Jr., Gonderman Law Offices, P.C., South Bend, for plaintiffs-appellees.

HOFFMAN, Judge.

The Georgetown Steel Corporation (Georgetown) brings this interlocutory appeal challenging the trial court's award of expenses incurred as a result of Lee and Carla Chaffees' motion to compel discovery. On appeal the sole issue raised is whether the trial court properly made the award.

The facts underlying the Chaffees' claim against Georgetown are not pertinent here, and are fully discussed in this case's previous appellate incarnations. *See Chaffee v. Clark Equipment Co.* (1985), Ind.App., 480 N.E.2d 236, *transfer granted* (1986), Ind., 496 N.E.2d 84. Simply stated, the present appeal involves Georgetown's response to the Chaffees' requests for admission filed on May 21, 1987. In this filing the Chaffees requested admission of 43 separate factual statements. Each of these statements was accompanied by citation to the transcript of the first trial.

On June 5, 1987, Georgetown filed its responses. Of the 43 requests, Georgetown unreservedly admitted 8 and denied 1. Georgetown gave qualified admissions of 10 and qualified denials of 5. Georgetown then claimed insufficient information to answer 5 requests and objected to 14. The Chaffees responded, on June 8, 1987, with a combined motion to compel discovery and for sanctions.

After a hearing held on June 10, 1987, the court issued an order in which it struck as superfluous all language besides "admit" or "deny" in Georgetown's previously qualified admissions or denials. The court overruled Georgetown's objections to all but one request and ordered amended answers to be filed. Finally the court awarded the Chaffees $1,000.00 as compensation for their expenses in pursuing the motion to compel.

Requests for admission are governed by Ind.Rules of Procedure, Trial Rule 36. Unlike other discovery techniques, the essential purpose of a request for admission is to

---

R. Kent Rowe, Edmond W. Foley, R. Kent Rowe Law Offices, South Bend, for defendants-appellants.

obviate the need for time consuming proof at trial by establishing undisputed facts, instead of attempting to "discover" essentially unknown facts by deposition or interrogatory. *F.W. Means & Co. v. Carstens* (1981), Ind.App., 428 N.E.2d 251. As stated further in *Means:*

> "The essential characteristic of this 'non-discovery' mechanism is that the request for admission is a 'close-ended' inquiry. That is, the request for admission requires by either admission or denial, an answer which is unambiguous, unequivocal and without the evasion often characteristic of answers to depositions and interrogatories." (Footnote omitted.)
> *Means,* at 256.

Consequently, the request for admission plays a valuable role in the discovery phase of the litigation.

As contemplated by the Indiana Rules of Trial Procedure, the discovery process is intended to be largely self-actuating, with minimal court supervision. *Chrysler Corp. v. Reeves* (1980), Ind.App., 404 N.E.2d 1147. This intent was made especially clear by the 1982 amendment of Trial Rule 37. Trial Rule 37 outlines the procedure for a motion to compel and provides for a variety of sanctions. As specifically pertinent here, T.R. 37(A)(4) provides:

> "Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

■ The Supreme Court Committee Note regarding the 1982 changes in T.R. 37 incorporates, by reference, the Federal Advisory Committee Note following FRCP, Rule 37. *See* 3 W. Harvey, Indiana Practice § 37 at 16 (1987 Supp.). The Federal Advisory Committee Note states that, "the change requires that expenses be awarded unless the conduct of the losing party or person is found to be substantially justified." 48 FRD 487, 539. Thus, on granting a motion to compel discovery, the presumption is that the trial court will also order reimbursement of the prevailing party's expenses. This award is mandatory, subject only to a showing that the losing party's conduct was "substantially justified", or that "other circumstances make an award of expenses unjust." Accordingly, Georgetown is challenging the sufficiency of the evidence to support the court's finding on this issue.

The standard for appellate review of sufficiency of the evidence questions is well known. This Court cannot reweigh the evidence, nor judge the credibility of the witnesses. Instead, only the evidence and reasonable inferences most favorable to the judgment will be examined. If this evidence, taken as a whole, provides a sufficient basis for the court's finding, then the case will be affirmed. *See, e.g., Bradford v. Bentonville Farm Supply* (1987), Ind.App., 510 N.E.2d 745.

■ In the present case, Georgetown failed to meet its burden of proving a substantial justification. The standard of review prevents reweighing of the evidence; however, an examination of just two of the requests demonstrates that the trial court had a sufficient basis for its decision.

> "ADMISSION NO. 2: As of July, 1976, Joe Etheridge had worked for Georgetown Steel for seven and one-half (7½) years. (Page 434)
> ANSWER: Mr. Etheridge admits that he believes that as of July, 1976, he had worked for Georgetown Steel for 7½ years."

Joe Etheridge is a defendant in this action and Georgetown's employee. At the hearing on the motion to compel, defense counsel admitted that no effort had been made to verify this simple, factual statement.

> "ADMISSION NO. 36: At all times while at the Acco facility on July 7, 1976, Mr. Hardee was an employee of Georgetown Steel and was acting within the scope of his employment.

ANSWER: Objection. This request for admission is ambiguous and also seeks a response which amounts to a legal conclusion."

Here, again Georgetown refused to admit or deny a relatively simple factual statement. While these two examples may be among the most egregious, they are not unique examples of Georgetown's failure to adequately shoulder its duty to answer the requests for admission without equivocation or evasion. Thus it cannot be said that the trial court erred in its tacit holding that Georgetown was not substantially justified in its opposition to the motion to compel.

■ In concluding that the trial court had sufficient evidence, this Court is constrained to mention that there are two items of evidence that were specifically not considered. The first item is the excerpt from the trial that occurred after the present motion to compel. Trial Rule 37(C) provides for an award of expenses if a fact or document is initially denied, and then proven at trial. This, however, was not the situation facing the trial court when it granted the motion to compel and it would be improper for this Court to consider the evidence on appeal.

■ It was also improper for the Chaffees to have argued evidence of similar sanctions imposed against defense counsel in an unrelated case. The only evidence relevant to a motion to compel, and to a T.R. 37(A)(4) award of expenses, is evidence of conduct in the discovery phase of the particular case then before the court. *See Batson v. Neal Spelce Assoc. Inc.* (5th Cir.1985) 765 F.2d 511. Despite this introduction of improper evidence, there is no indication from the transcript of the hearing on the motion to compel, nor from the trial court's order, that the trial court's decision was, in any way, based on the evidence of unrelated obdurate behavior. Accordingly, introduction of this evidence was harmless error.

■ Finally, the Chaffees have petitioned this Court for an award of appellate expenses pursuant to T.R. 37(A)(4). The Chaffees' motion is premature until they have successfully defended their motion to compel. Also the trial court is the more appropriate forum for the evidentiary hearing necessary to determine the propriety and amount of such an award, especially in an interlocutory appeal. Nevertheless, we discuss this issue because our research reveals no Indiana case law about awarding expenses of defending a motion to compel on appeal.

While no Indiana court has addressed the issue, there is persuasive federal authority. In *Tamari v. Bache & Co. (Lebanon) S.A.L.* (7th Cir., 1984) 729 F.2d 469, the court awarded expenses incurred by defending an award of sanctions made under FRCP, Rule 37(B). The court reasoned that the appellate expenses were caused by the appellant's failure to comply with the court's original order. The same logic applies in the present case; the Chaffees' appellate expenses have been created by Georgetown's failure to comply with a reasonable discovery request. Moreover, as noted in *Tamari*, if appellate expenses were not awardable, then the original award would be offset and its benefit negated. Thus the same authority that authorized an award of expenses in the trial court, also contemplates an award of appellate expenses.

There being no error presented, the trial court is affirmed.

Affirmed.

STATON and ROBERTSON, JJ., concur.