In the Matter of the GUARDIANSHIP OF Pearl C. POSEY, Incompetent.

Lafayette Bank and Trust Company Lafayette, Indiana, Guardian of the Estate, and Floyd Wilcox, Guardian of the Person.

No. 23A01–8803–CV–76.

Court of Appeals of Indiana, First District.

Dec. 22, 1988.

---

Donn H. Wray, Stewart & Irwin, Indianapolis, for appellants.

Stephen R. Pennell, Mark E. DeYoung, Stuart & Branigin, Lafayette, for appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Respondent-appellants, Raymond Harkrider as Executor of the estate of Georgia

Cory, deceased, and Raymond Harkrider, June Nelson, and Betty Rodgers, individually (referred to collectively as Harkrider), appeal the decision of the Fountain Circuit Court determining the amount of a punitive award of attorney fees imposed by our supreme court under Ind.Rules of Procedure, Appellate Rule 15(G) in favor of petitioner-appellees, Lafayette Bank and Trust Company (the Bank), guardian of the estate of Pearl C. Posey (Posey), and Katherine Wilcox and Phillip Wilcox, Co–Administrators of the estate of Floyd Wilcox (Wilcox), substituted for Wilcox as guardian of the person of Pearl C. Posey.

We affirm.

## STATEMENT OF THE FACTS

Posey was an elderly resident of Lafayette, Indiana. This litigation began on June 30, 1981 when a petition seeking to impose a guardianship over Posey's estate and person was filed by her brother, Harkrider, and a corporate fiduciary. Pursuant to that petition, the trial court determined Posey had been rendered mentally incompetent by a stroke she had previously suffered. Much to Harkrider's disdain, however, the trial court entered an order naming the Bank as guardian of Posey's estate and Wilcox as the guardian of her person. Following this decision, Harkrider took his first appeal to the Indiana Court of Appeals, challenging the appointments and virtually every other order entered by the trial court adverse to him. This court affirmed the trial court's actions by way of a memorandum opinion filed on July 20, 1983. Harkrider also filed petitions for rehearing and transfer which were subsequently denied.

In the interim, Posey died on March 19, 1982. On March 4, 1985, the trial court entered an order terminating the guardianship and approving the guardians' final accounting and two supplements. Thereafter, Harkrider instituted a second appeal in the Indiana Court of Appeals contesting all events and orders arising from the guardianship. By decision filed on September 3, 1986, this court affirmed the trial court's judgment in its entirety. *Matter of*

*Guardianship of Posey* (1986), Ind.App., 513 N.E.2d 674. In addition to determining the issues raised by Harkrider, this court considered whether to impose damages pursuant to A.R. 15(G). Noting numerous transgressions and inadequacies in Harkrider's brief, we concluded that his appeal was without merit and taken in bad faith. Included among the factors listed as evidencing bad faith was Harkrider's wholesale disregard of the form and content requirements of the appellate rules in drafting his brief, his argument of issues based upon omitted and misstated facts established by the record, and his failure to disclose the previous appeal and attempt to reargue many of the same issues already decided by it. Consequently, this court imposed a punitive award of attorney fees against Harkrider as a sanction for pursuing a frivolous appeal and remanded to the trial court for a determination of such.

Following the remand order, Wilcox as guardian of the person and the Bank as guardian of the estate filed their respective petitions for costs and attorney fees with the trial court on September 16 and 19, 1986. Both Wilcox and the Bank supported the petitions with affidavits and itemized statements of services rendered and fees requested. Shortly thereafter, on October 6, 1986, Harkrider filed a motion stating his intention to appeal the September 3 decision of this court to the Indiana Supreme Court. On August 27, 1987, the supreme court accepted transfer for the limited purpose of addressing the A.R. 15(G) issue. Summarily affirming our opinion on the remaining issues, the supreme court held that the gross abuse of the right to appellate review under the circumstances more than justified the imposition of attorney fees against Harkrider and remanded the cause to the trial court to determine the proper amount of such. *Posey v. Lafayette Bank & Trust Co.* (1987), Ind., 512 N.E.2d 155. Harkrider subsequently petitioned for rehearing in the Indiana Supreme Court and for certiorari to the United States Supreme Court both of which were denied.

Thereafter, the petitions for attorney fees were set for hearing to be held on November 30, 1987. On November 16, 1987, the Bank filed a second petition seeking attorney fees and expenses for the additional services required in defending the continuing litigation on rehearing and transfer following the September 3, 1986 opinion. On November 25, Harkrider filed a motion requesting the trial court to stay the proceedings pending disposition of his petition for certiorari. The motion was denied and the hearing was held as scheduled on November 30. At the hearing Harkrider orally moved for a continuance which the trial court also denied. Following the hearing the trial court entered judgment awarding attorney fees to Wilcox in the sum of $19,525.34 and to the Bank in the sum of $12,997.30 for an aggregate award of $32,522.64. Harkrider subsequently instituted this appeal contesting the award of attorney fees.

## ISSUES

Harkrider presents the following issues for our review:

I. Whether the trial court exceeded its jurisdiction in awarding attorney fees for conduct postdating the initial order of sanctions by this court.

II. Whether the trial court exceeded its jurisdiction in awarding expenses as part of the sanction award.

III. Whether there was sufficient evidence to support the award of attorney fees.

IV. Whether the trial court erred in denying Harkrider's motion to continue the evidentiary hearing.

V. Whether the trial court erred in entering judgment in favor of Wilcox in his capacity as guardian of the person.

VI. Whether the trial court erred in entering judgment against Georgia Cory and others.

Additionally, Wilcox and the Bank request that we impose further sanctions against Harkrider for bringing this appeal.

## DISCUSSION AND DECISION

### ISSUE I: *Attorney Fees Postdating Initial Sanction Order*

Harkrider concedes that the liability for the sanctions awarded against him is no longer at issue and does not contest the judgment on that basis. Rather, he maintains that the trial court erred in executing the remand order directing it to determine the amount of those fees.

■ Harkrider first contends that the trial court exceeded its jurisdiction in awarding both Wilcox and the Bank attorney fees for legal services rendered following the earlier sanctions order imposed by this court on September 3, 1986. In particular, Wilcox and the Bank requested and received attorney fees for the legal services incurred in defense of Harkrider's petitions for rehearing and transfer following the September 3 order of this court through August 27, 1987, when the Indiana Supreme Court decision affirming sanctions was handed down. Harkrider argues that only his conduct in taking the second appeal to the Indiana Court of Appeals has been sanctioned and therefore that portion of the judgment awarding attorney fees for conduct postdating the initial order of sanctions on September 3 is erroneous. We disagree.

It is undisputed that Harkrider's second appeal to this court was determined to be wholly without merit and that sanctions were assessed against him for such. The attorney fees incurred subsequent to the initial decision imposing sanctions were a direct result of the original frivolous appeal. It is indisputable that had that meritless appeal never been taken in the first instance neither Wilcox nor the Bank would have incurred attorney fees in defending the decision and the sanction order on rehearing and transfer. In other words, the additional attorney fees were caused by and directly attributable to the frivolous appeal and further pursuit thereof. Thus, the same authority which permitted the punitive award of attorney fees for Harkrider's conduct up to September 3, 1986,

authorizes an award for the additional attorney fees subsequently incurred.

Our conclusion finds support in an analogous case. In *Georgetown Steel Corp. v. Chaffee* (1988), Ind.App., 519 N.E.2d 574, 575, this court held that the continuing appellate expenses incurred in defending an initial award of sanctions is awardable. *Georgetown* involved an interlocutory appeal of an award of expenses incurred in obtaining a motion to compel discovery pursuant to Ind.Rules of Procedure, Trial Rule 37(A)(4). The appellees successfully defended the award of expenses on appeal and petitioned this court for the appellate expenses they incurred in doing so. We approved the award, observing that the appellate expenses were caused by appellant's failure to comply with the original discovery request. Although not directly on point, the rationale is the same. In each instance, the continuing appellate expenses were directly related to the original transgression and as such were properly awardable to the opposing party.

■ Harkrider also alleges that the additional award of attorney fees is precluded because the supreme court found merit to his appeal on transfer. It is significant that upon accepting transfer the supreme court summarily affirmed this court's opinion on all issues except that one concerning sanctions. With regard to that issue, the supreme court granted transfer only to provide an example of the type of conduct which is properly subject to sanctions. It hardly condoned Harkrider's actions, noting that not only was the appeal without merit but it was a "[g]ross abuse of the right to appellate review." It remanded the cause to the trial court "for an award of such attorney fees as may be determined to be appropriate." *Posey*, 512 N.E. 2d at 156. The trial court did not err in awarding the additional attorney fees incurred beyond September 3, 1986.

ISSUE II: *Expenses*

■ Harkrider next contends the trial court exceeded its jurisdiction in awarding "expenses" associated with the frivolous appeal. Harkrider argues that under the language of the supreme court's remand order his liability is limited to attorney fees and does not extend to include expenses. He maintains that because the remand order does not specifically designate that expenses may be recovered, the trial court was not authorized to award such. To the extent that the award encompassed an amount for expenses, he contends it was erroneous.

Harkrider's attempt to distinguish attorney fees from expenses is not well taken. In the first instance we note that of the $32,522.64 awarded to both Wilcox and the Bank only $492.64 was awarded to them in respect of expenses. Secondly, we note that the amounts awarded as expenses included sums for reimbursement of the costs of photocopying, postage, and telephone calls. These itemized expenses were properly included as a portion of the award of attorney fees imposed by the remand order. *See Indiana Hospital Licensing v. Women's Pavilion* (1985), Ind.App., 486 N.E.2d 1070 (expenses for telephone, photocopying, and postage costs held properly awarded as part of an award of "attorney fees" under 42 U.S.C. § 1988). To the degree *Indiana Hospital* did not include the costs of copying appellate briefs as a proper portion of an award of attorney fees we do not embrace it. Attorney fees were awarded in this cause as a punitive sanction under A.R. 15(G) for pursuing a meritless and frivolous appeal. We see no reason to exclude any legitimate expenses associated with the defenses of that appeal from the award of attorney fees ordered by the supreme court. We refuse to construe the remand order in such a narrow fashion. The trial court did not err in awarding the itemized expenses requested.

ISSUE III: *Sufficient Evidence*

■ Harkrider next contends there is insufficient evidence to support the amount of attorney fees and expenses awarded.

An award of attorney fees lies within the trial court's discretion, and we will not disturb its decision absent an abuse of that discretion. *U.S. Aircraft Financing, Inc. v. Jankovich* (1980), Ind.App., 407 N.E.2d 287; *Streets v. M.G.I.C. Mortgage Corp.* (1978), Ind.App., 378 N.E.2d 915. In non-

routine cases, where the amount of the fee is not inconsequential, there must be objective evidence supporting the trial court's determination. *U.S. Aircraft, supra.* On several occasions we have found that the factors enumerated in the Code of Professional Responsibility, DR 2–105(B) (now Ind.Rules of Procedure, Rule of Professional Conduct 1.5) may provide a trial court with useful guidelines for determining an appropriate award of attorney fees.[1] *Midland Guardian Co. v. United Consumers Club* (1986), Ind.App., 499 N.E.2d 792; *Smith v. Kendall* (1985), Ind.App., 477 N.E.2d 953; *U.S. Aircraft, supra.*

In the case at bar, the trial court awarded an aggregate sum of $32,522.64 as attorney fees to both Wilcox and the Bank. In support of this award, the attorneys for both Wilcox and the Bank testified and submitted exhibits itemizing the hours spent defending the frivolous appeal. The exhibit submitted on behalf of Wilcox contained a description of each task performed, a designation as to who performed the task, the date the task was performed, the time expended performing the task and the corresponding amount charged for such, and finally the total amount billed. The attorney representing Wilcox testified as to the hourly billing rate of each of the individuals listed as working on the appeal and answered other questions regarding specific items. On cross-examination he explained that the rates charged were in accordance with the customary rates charged by other attorneys in the community, that all charges were necessary, and that the fee was reasonable in light of the extraordinarily long and confusing allegations of error raised in the frivolous appeal. Similarly, two exhibits were submitted on behalf of the Bank detailing the amount of attorney fees incurred in defending the frivolous appeal. These exhibits likewise contained a description of each task performed, the date it was performed, the total number of hours spent performing the tasks by each attorney and paralegal, the hourly billing rate of those individuals, and the total amount billed. The attorney representing the Bank also testified that all the charges were necessary and reasonable. This evidence is sufficient to support the trial court's award in this cause. *See Midland–Guardian, supra.* The trial court's determination of attorney fees is not clearly erroneous, and therefore the award is sustained.

ISSUE IV: *Continuance*

Harkrider maintains the trial court erred in refusing to grant his motion for a continuance. At the beginning of the evidentiary hearing Wilcox supplemented his initial petition for fees to include a claim for the additional fees incurred after September 3, 1986. Additionally, a motion to substitute Wilcox as guardian of the person with the co-administrators of his estate filed on November 25, 1986, was granted by the trial court at the commencement of the proceeding. On the basis of these two events Harkrider orally requested a continuance. He contends the trial court abused its discretion in denying such.

The granting or denial of a continuance is a matter within the trial court's discretion. *Plan–Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212. Denial of such motion may be reversed only for an abuse of discretion. *Clark v. Clark* (1980), Ind. App., 404 N.E.2d 23. An abuse of discretion may be demonstrated by showing that the defendant would be harmed by a denial

---

1. In pertinent part, Rule 1.5 provides:
   (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
   (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
   (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
   (3) the fee customarily charged in the locality for similar legal services;
   (4) the amount involved and the results obtained;
   (5) the time limitations imposed by the client or by the circumstances;
   (6) the nature and length of the professional relationship with the client;
   (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
   (8) whether the fee is fixed or contingent.

of the requested continuance. *Dier v. State* (1982), Ind., 442 N.E.2d 1043. Harkrider has not met this burden.

Harkrider claims the trial court's ruling harmed him because it denied him the ability to conduct discovery. The record does not bear him out. At no time during the interim 14–month period between September 16 and 19, 1986, when the petitions were filed and the hearing date on November 30, 1987, when Wilcox supplemented his petition, did Harkrider file any requests for discovery. We observe further that Harkrider did not file discovery requests even after the Bank supplemented its petition on November 16. Harkrider will not now be heard to complain that his ability to conduct discovery was hindered when he never sought it at any time prior to the day of the hearing. Similarly, Harkrider cannot complain about the ruling on the basis that the co-administrators were substituted for the deceased Wilcox when he never sought discovery from any party. The trial court did not abuse its discretion in refusing to grant the continuance.

ISSUE V: *Judgment for Wilcox*

Harkrider alleges the trial court erred in entering judgment for attorney fees in favor of Wilcox in his capacity as guardian of the person. The captions in the second appeal to this court and on transfer to the supreme court both named Wilcox as an individual without reference to his capacity as guardian. Relying on these captions, Harkrider argues that Wilcox defended those appeals as an individual and therefore the judgment awarding attorney fees to Wilcox in his capacity as guardian is erroneous.

■ We first note that Harkrider did not raise this issue in his motion to correct error. Any issue not assigned as error in the motion to correct error is waived. *Bowens v. State* (1985), Ind., 481 N.E.2d 1289. Consequently, Harkrider has waived consideration of this issue. In any event, the contention is utterly ludicrous.

■ An examination of the record reveals that the judgment which formed the basis of the second appeal to this court and the subsequent appeal to our supreme court on transfer explicitly granted Wilcox relief in his capacity as guardian of the person. Likewise; Wilcox defended that judgment at the appellate level before both this court and the supreme court in his capacity as guardian. In fact, our opinion on the second appeal stated that "[a]ppellee Floyd Wilcox (Wilcox) was the guardian of [the] person...." *Guardianship of Posey*, 513 N.E.2d at 675. It is of no consequence that the two appellate captions seemingly listed Wilcox as an individual. Wilcox was awarded judgment, defended on appeal, granted sanctions, and petitioned for fees in his capacity as guardian of the person. The trial court did not err in entering judgment in his behalf in that capacity.

ISSUE VI: *Judgment Against Georgia Cory*

■ Harkrider finally complains that judgment was entered against Georgia Cory individually and Raymond Harkrider as attorney for the parties. Harkrider points out that Cory died prior to the evidentiary hearing and maintains that he has never entered his appearance as an attorney representing any one in the cause.

In addition to naming the above as judgment defendants, the trial court also named Raymond Harkrider individually, Raymond Harkrider as personal representative of the estate of Georgia Cory, Betty Rodgers, and June Nelson. The trial court therefore properly named all of the appropriate individuals liable for payment of the sanction award. Harkrider does not allege that he has suffered any prejudice or harm as a result of the over inclusiveness of the judgment. His trivial objection to the judgment on this basis is not well taken and we will not address it further. We find no reversible error.

With regard to the request for further sanctions pursuant to A.R. 15(G), we find that the appellees are entitled to attorney fees.

Accordingly, the cause is remanded to the trial court for an award of such attorney fees as may be determined to be appro-

priate. The judgment is in all other respects affirmed.

JUDGMENT AFFIRMED.

RATLIFF, C.J., and ROBERTSON, J., concur.