**Matthew S. ROSS, Appellant–
Defendant,**

**v.**

**Elvira BACHKURINSKIY, Igor Bach-
kurinskiy and Tanya Bachkurinskiy,
by her friend and mother Elvira Bach-
kurinskiy, Appellees–Plaintiffs.**

**No. 49A02–0111–CV–797.**

Court of Appeals of Indiana.

June 19, 2002.

Christopher E. Clark, Goodin, Kraege, Abernathy & Miller, Indianapolis, IN, Attorney for Appellant.

Robert E. Lehman, David P. Benedetto, Lehman & Benedetto, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Appellant-defendant Matthew S. Ross appeals the denial of his motion for relief from judgment with respect to a default judgment that was entered against him in favor of the appellees-plaintiffs Elvira, Igor and Tanya Bachkurinskiy (collectively, the Bachkurinskiys). Specifically, Ross claims that the trial court abused its discretion in granting the sanction of a default judgment because his failure to comply with the discovery requests along with his violation of the court's order compelling discovery did not constitute bad faith. Concluding that Ross's conduct did not amount to excusable neglect, we affirm the trial court's denial of his motion to set aside the default judgment.

### FACTS

On December 10, 1998, the Bachkurinskiys filed a complaint against Ross for personal injuries that arose from an automobile accident that occurred in Indianapolis on September 17, 1998. The Bachkurinskiys asserted that Ross was negligent, 100% at fault and was, therefore, liable for their injuries.

The discovery process commenced on November 24, 1999, when the Bachkurinskiys served Ross with a request for production of documents and interrogatories. Three additional sets of interrogatories were served on Ross as of September 20, 2000. He had only responded to the second set of interrogatories.

On January 15, 2001, the Bachkurinskiys' counsel sent a letter to Ross requesting that he respond to discovery. Apparently after receiving an unsatisfactory response to that request, the Bachkurinskiys filed a motion to compel discovery that the trial court ultimately granted on March 1, 2001. Ross was ordered to furnish all responses to the outstanding items of discovery by March 9, 2001, or risk possible sanctions including default.

In addition to Ross's failure to comply with the discovery requests, Ross identified a number of different nonparties during the course of the litigation. After the Bachkurinskiys had amended their complaint each time with regard to the nonparties so they might be assured of a 100% recovery, Ross proceeded to voluntarily dismiss each of them. Additionally, Ross took the deposition of Sandra Bilyeu, the only impartial eyewitness to the accident, who essentially testified that Ross was 100% at fault. Ross then named Bilyeu as a nonparty after her deposition but subsequently dismissed her from the action after her attorneys had entered an appearance.

The Bachkurinskiys moved for a default judgment against Ross on March 13, 2001, on the issue of liability because Ross had failed to comply with the trial court's order to compel discovery. Counsel for Ross responded to this motion on March 15, 2001, asserting that he had dispatched colleagues from his law office to his client's house in an effort to obtain Ross's signature on the discovery responses. Appellant's App. p. 10, 120–25. However, he claimed that Ross could not be located. Thus, Ross asserted that the failure to respond to the discovery requests did not amount to bad faith so a sanction other than dismissal was warranted. It was not until March 20, 2001, that Ross submitted his responses to the Bachkurinskiys' discovery requests.

The trial court set the Bachkurinskiys' motion for default judgment for hearing on April 27, 2001. The only other explanations Ross offered regarding his failure to respond to the discovery requests were that his counsel had been involved in a jury trial and left for vacation in early March 2000. At the conclusion of the hearing, the trial court took the matter under advisement, indicating that he would rule on the motion at some point between the final pre-trial conference and the verdict.

Thereafter, on June 11, 2001, the Bachkurinskiys filed a second motion for default judgment because Ross had failed to appear at his own deposition. Ross had been properly notified of the time and place where the deposition was to be conducted and he had been instructed by his counsel to meet him at the court reporter's office one-half hour before the deposition was to commence. Ross never telephoned to explain his absence and he could not be reached. Ross later contended that he had forgotten about the deposition as well as the meeting with his counsel. The trial court conducted a hearing on the second motion for default judgment and granted the motion against Ross on the issue of liability as the appropriate sanction. The court then ordered the trial to proceed only on the issue of damages.

Ross filed a motion for relief from the default judgment alleging that the Bachkurinskiys failed to show any prejudice and that the discovery violations were merely an "oversight" on his part. Appellant's App. p. 175. Thus, Ross contended that the remedy of a default judgment was too severe in these circumstances. That motion was denied and Ross now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Ind. Trial Rule 60(B). We review the grant or denial of an Ind. Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. *WW Extended Care, Inc. v. Aetna Life Ins. Co.*, 755 N.E.2d 712, 715 (Ind.Ct. App.2001), *trans. denied.* The trial court's discretion is necessarily broad in deciding whether to vacate a default judgment because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. *Mason v. Ault,* 749 N.E.2d 1288, 1290 (Ind.Ct.App.2001). The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.*

Additionally, a default judgment will be reversed on appeal only in the event of an abuse of discretion. *State v. Van Keppel,* 583 N.E.2d 161, 163 (Ind.Ct. App.1991), *trans. denied.* Such an abuse may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993). With regard to discovery issues, the appropriate sanctions for failing to comply with a trial court's discovery order is a matter committed to the sound discretion of the trial court. *Nyby v. Waste Mgmt., Inc.,* 725 N.E.2d 905, 915 (Ind.Ct.App.2000), *trans. denied.* The trial court is not required to impose lesser sanctions before applying the ultimate sanction of dismissal or default judgment. *Nesses v. Specialty Connectors Co.,* 564 N.E.2d 322, 327 (Ind.Ct. App.1990). When discovery breaks down or the trial court determines that the dis-

covery process has been abused, the court may, in its discretion, impose various sanctions including, but not limited to, an award of costs and attorney fees, exclusion of evidence obtained through misuse of the discovery process, or entry of dismissal or judgment by default. *Watters v. Dinn,* 633 N.E.2d 280, 289 (Ind.Ct.App.1994).

### II. Default Judgment

In addressing Ross's claim that the entry of a default judgment was unwarranted in these circumstances, we note that the trial court warned Ross that his failure to comply with its order to compel discovery could lead to a default judgment. Ross failed to comply with the trial court's order and he never asked for additional time in which to respond. However, rather than granting the Bachkurinskiys' first motion for a default judgment, it is apparent that the trial court extended Ross a "second chance" and believed that granting a default judgment would have been too harsh a sanction at that time.

After the second motion for a default judgment had been filed, the trial court conducted a hearing and granted Ross an additional opportunity to explain his reasons for missing his own duly noticed deposition. While Ross maintains that his "omissions" merely constituted "mistakes" that did not rise to the level of bad faith, the trial court was in the best position to determine the appropriate sanction based upon the evidence and arguments presented by the parties. It is apparent here that Ross's numerous delays and inaction with regard to the discovery issues have had the effect of impeding the efficiency of our judicial system. Thus, it was reasonable for the trial court to conclude that Ross's instances of neglect were not "excusable" within the meaning of T.R. 60(B). In light of Ross's abuse of the discovery process and his blatant disregard of the court's

orders, we decline to set aside the default judgment entered against him. *See Drew v. Quantum Sys. Inc.*, 661 N.E.2d 594, 595–96 (Ind.Ct.App.1996), *trans. denied* (holding that dismissal was proper for failure to comply with a discovery order where the party was given additional time within which to respond and was expressly warned that failure to comply would result in dismissal, and no response or motion for additional time was made).

Judgment affirmed and remanded for further proceedings consistent with this opinion.

SULLIVAN, J., and DARDEN, J., concur.