**MALLARD'S POINTE CONDO-
MINIUM ASSOCIATION,
INC., Appellant,**

v.

**L & L INVESTORS GROUP, LLC and,
Homeowners of Mallard'S Landing,
Inc., Appellees.**

No. 64A04–0604–CV–176.

Court of Appeals of Indiana.

Dec. 15, 2006.

Terry K. Hiestand, Sarah A. Lawson, Hiestand Law Office, Chesterton, IN, Attorneys for Appellant.

Michael A. Langer, Langer & Langer, Valparaiso, IN, Attorney for Appellees.

## OPINION

MATHIAS, Judge.

Mallard's Pointe Condominium Association, Inc. ("Mallard's Pointe") appeals the Porter Superior Court's order of default judgment pursuant to Trial Rule 37. We consolidate and restate the issues that both parties raise on appeal as:

I. Whether the trial court abused its discretion when it entered a sanction of default judgment without first holding a hearing;

II. Whether the trial court abused its discretion when it denied Mallard's Pointe's motion for relief from judgment under Trial Rule 60(B); and

III. Whether the Appellee, L & L Investors Group, LLC, ("L & L Investors") is entitled to appellate attorney's fees.

We affirm and remand for a hearing to determine appellate attorney's fees.

### Facts and Procedural History

Mallard's Pointe is a property owner's association providing fifty-one condominiums with services, including drinking water. The only sources of such drinking water are wells that Mallard's Pointe installed on Lot 49 of the Mallard's Landing Subdivision. Lot 49, however, was subsequently acquired by L & L Investors through a foreclosure proceeding. After this acquisition, L & L Investors began negotiating with Mallard's Pointe to either buy the property or rent water usage from Lot 49.

When their negotiations stalled, L & L Investors sent a letter to Mallard's Pointe on March 31, 2004, expressing its intent to begin charging the association $1000 monthly for use of the water wells unless Mallard's Pointe immediately bought Lot 49. Mallard's Pointe did not respond to this notice, and on June 23, 2004, L & L Investors sent a written demand for a monthly charge of $1000 for the water usage. Later, on September 29, 2004, L & L Investors sent additional correspondence to Mallard's Pointe advising that it intended to file a lawsuit unless the parties could come to a written agreement.

When no written agreement was reached, L & L Investors filed a complaint against Mallard's Pointe on November 10, 2004, alleging unjust enrichment for refusing to pay for the water that Mallard's Pointe was receiving from Lot 49. Mallard's Pointe filed its answer to the complaint and affirmative defenses on March 8, 2005.

During discovery, Mallard's Pointe received a notice of deposition along with a subpoena duces tecum on April 18, 2005. Mallard's Pointe's officer appeared at the scheduled deposition on June 9, 2005, but failed to bring the subpoenaed documents with him. L & L Investors filed a motion for order compelling discovery and for attorney's fees on July 28, 2005. Mallard's Pointe's attorney, Patrick Lyp ("Lyp") requested permission to withdraw from his representation of Mallard's Pointe, which the trial court granted on August 11, 2005.

The trial court then held a hearing on L & L Investors' motion for order compelling discovery on September 1, 2005. Although Lyp had withdrawn from representing Mallard's Pointe, he still attended this hearing as an observer. The next day Lyp addressed a letter to Don Coker

("Coker"), an employee of Mallard's Pointe, stating:

> When we last spoke in June, you were going to locate any document responsive to the subpoena issued by Attorney Langer [L & L Investors' counsel] and forward such to me. Please be advised that the Court has now ordered all responsive documents to be forwarded to Mr. Langer. In addition, the Court has awarded attorneys fees to Mr. Langer for his time in prosecuting this matter. Over the last four (4) years I have been trying to impress on the various Board Presidents and other Board Members the seriousness of this matter.... At this point, it is vital that all documents responsive to Mr. Langer's request be forwarded immediately. I have withdrawn from this case; however, I would be willing to facilitate the forwarding of any documents to Mr. Langer.

Appellee's App. p. 3.

The trial court subsequently entered an order compelling discovery on September 14, 2005. In its order, the trial court ordered Mallard's Pointe to comply and produce certain records and documents on or before September 22, 2005, and also to pay L & L Investors $751 in attorney's fees. The order further stated that "[f]ailure by Mallard's Pointe to comply timely shall result in a default being entered against it on the Complaint filed by Plaintiff." *Id.* at 37. A copy of this order was sent to Mallard's Pointe and received on September 8, 2005. Mallard's Pointe did not comply with the court's order by the September 22nd deadline.

On November 15, 2005, L & L Investors filed a motion for default judgment against Mallard's Pointe. That same day, the trial court granted the motion for default judgment in the amount of $16,266.67, and additionally ordered Mallard's Pointe to pay L & L Investors a monthly sum of $1000 for water usage from its wells. Mal-

lard's Pointe did not deliver the subpoenaed documents to L & L Investors until December 13, 2005, more than two and a half months after the trial court's deadline. Appellee's App. p. 13.

On December 15, 2005, Mallard's Pointe filed various motions, including a motion for relief from judgment and a motion to correct error. On this date, Terry Hiestand ("Hiestand") also filed his appearance with the court on behalf of Mallard's Pointe. L & L Investors filed its response to these claims on January 31, 2006. On February 21, 2006, the trial court held a hearing on Mallard's Pointe's motions, all of which the court subsequently denied. Mallard's Pointe now appeals. Additional facts will be provided as necessary.

### Discussion and Decision

### I. Hearing on Motion for Default Judgment

Mallard's Pointe contends that the trial court abused its discretion by failing to hold a hearing before entering judgment by default as a discovery sanction under Trial Rule 37. Trial Rule 37 in pertinent part provides:

> If a party or an officer, director, or managing agent of a party or an organization ... fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Ind. Trial Rule 37(B)(2) (2006).

 The appropriate sanction for failing to comply with a trial court's discovery

order is a matter committed to the sound discretion of the trial court. *Ross v. Bachkurinskiy,* 770 N.E.2d 389, 392 (Ind.Ct. App.2002) (citation omitted). The trial court is not required to impose lesser sanctions before imposing the ultimate sanction of dismissal or default judgment. *Nesses v. Specialty Connectors Co., Inc.,* 564 N.E.2d 322, 327 (Ind.Ct.App.1990).

■■■ "The rules of discovery are designed to allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation of the issues, to eliminate surprise, and to promote settlement." *Hatfield v. Edward J. DeBartolo Corp.,* 676 N.E.2d 395, 399 (Ind.Ct.App.1997), *trans. denied.* Although the rules of discovery are intended to require "little, if any, supervision or assistance by the trial court," when the goals of this system break down, Indiana Trial Rule 37 provides the trial court with tools to enforce compliance, including sanctioning litigants for their failure to comply with discovery orders. *Pfaffenberger v. Jackson County Reg'l Sewer Dist.,* 785 N.E.2d 1180, 1183 (Ind.Ct.App.2003) (citing *Hatfield,* 676 N.E.2d at 399). We will reverse the trial court's decision only if it is clearly against the logic and circumstances before the court, or when the trial court has misinterpreted the law. *Id.* (citations omitted).

While Trial Rule 37 specifically grants the trial court the authority to sanction a party by default judgment where the party has failed to obey an order to provide discovery, the rule is silent on the issue of whether the trial court must first afford the non-complying litigant a hearing on the matter. *Pfaffenberger,* 785 N.E.2d at 1185. Notwithstanding the rule's silence, we have previously recognized that "when a petition for sanctions, such as a motion to dismiss, is filed, the trial court must ordinarily conduct a hearing thereon to

determine whether one of the enumerated reasons for not imposing sanctions exists." *Id.* (citations omitted).

In advancing the proposition that the trial court must first hold a hearing, Mallard's Pointe relies primarily on *J.C. Marlow Milking Machine Company v. Reichert,* 464 N.E.2d 364 (Ind.Ct.App.1984), *trans. denied.* In *Reichert,* we concluded that Trial Rule 55 was the more specific rule governing the trial court's actions when issuing a default judgment. *Id.* at 366–67. And, therefore, we held that a trial court must follow the hearing requirement of Trial Rule 55 before entering a default judgment as a sanction. *Id.*

■■■ However, we observe that *Reichert,* although decided after Indiana Trial Rule 37 was amended in 1982, was decided according to the prior version of Trial Rule 37. *Pfaffenberger,* 785 N.E.2d at 1186. The present version provides that the sanction of entry of default judgment is available upon failure to answer interrogatories so long as that remedy is "just." Ind. Trial Rule 37(B)(2). Therefore, we no longer require strict compliance with the hearing requirement of Indiana Trial Rule 55. Instead, we evaluate whether the sanction of an entry of default judgment is unjust.

We have previously held that the sanction of default judgment is not unjust where:

(1) the party was given an additional reasonable period within which to respond and was expressly warned in advance that default judgment would be entered if he failed to do so; and (2) no response or request for additional time was timely made and no reason excusing timely response is demonstrated.

*Burns v. St. Mary Med. Ctr.,* 504 N.E.2d 1038, 1039 (Ind.Ct.App.1987); *see also Drew v. Quantum Sys., Inc.,* 661 N.E.2d

594, 595 (Ind.Ct.App.1996), *trans. denied;* *Wozniak v. N. Ind. Pub. Serv. Co.,* 620 N.E.2d 33, 36 (Ind.Ct.App.1993), *trans. denied.*

■ In this case, Mallard's Pointe first received a notice of deposition along with a subpoena duces tecum on April 18, 2005. Almost two months later, Mallard's Pointe's officer appeared at the scheduled deposition on June 9, 2005, but failed to bring the subpoenaed documents. On September 14, 2005, the trial court then issued an order compelling Mallard's Pointe to comply with the discovery request by September 22, 2005, giving Mallard's Pointe an additional eight days to comply. From the April 18th date of the subpoena duces tecum to the September 22nd court-ordered date of compliance, Mallard's Pointe had more than five months notice of what materials it needed to produce to L & L Investors. Mallard's Pointe was also given advance warning by the trial court that failure to comply with its order would result in default judgment. In addition to the court's warning, in early September, Lyp had written to Mallard's Pointe, advising immediate compliance with the discovery order.

We further note that Mallard's Pointe did not avail itself of the opportunity to inform the trial court of any problems in responding to the discovery requests and did not request an extension of time within which to respond. In fact, Mallard's Pointe did not comply with the discovery request until December 13, 2005, more than two months after the trial court's deadline for compliance. Therefore, we conclude that the trial court did not abuse its discretion by entering default judgment against Mallard's Pointe pursuant to Indiana Trial Rule 37.

■ For the same reasons, we also conclude that the trial court did not abuse its discretion in determining the amount of damages to which L & L Investors was entitled without first holding a hearing. The trial court's entry of default judgment ordered Mallard's Pointe to pay $16,266.67 as well as $1000 a month for use of the wells beginning November 9, 2005. Mallard's Pointe's fifty-one condominiums have been receiving water from L & L Investors' property for more than two years without paying for that usage. L & L Investors wrote a letter on June 23, 2004, demanding that Mallard's Pointe pay $1000 a month for use of this water. Appellee's App. p. 6. L & L Investors reiterated this price in paragraph fifteen of its complaint. *Id.* at 14. As Mallard's Pointe has received and enjoyed twenty-four months' worth of water supply for all of its buildings, we find no abuse of discretion in ordering Mallard's Pointe to pay $16,266.67 for that usage. We further find no abuse of discretion in entering default judgment of a monthly rental rate of $1000 for water use for fifty-one condominiums, a rate less than $20 per condominium per month.

## II. Relief under Trial Rule 60(B)

Mallard's Pointe next contends that the trial court abused its discretion in failing to grant its motion for relief from judgment under Trial Rule 60(B). It contends that relief should have been granted under Trial Rule 60(B)(3) for L & L Investors' attorney's alleged misconduct and also under Trial Rule 60(B)(8) for L & L Investors' failure to give three days notice prior to its motion for default judgment.

■ Upon a motion for relief from default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B). *Ross v. Bachkurinskiy,* 770 N.E.2d 389, 392 (Ind.Ct.App.2002) (citation omitted). We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment un-

der an abuse of discretion standard. *Id.* The trial court's discretion is necessarily broad in deciding whether to vacate a default judgment because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. *Id.* (citation omitted). The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.*

■ First, Mallard's Point argues that the trial court should have granted it relief from judgment under Trial Rule 60(B)(3), which provides relief from judgment for fraud, misrepresentation, or other misconduct by an adverse party. Mallard's Pointe contends that L & L Investors' attorney acted with misconduct as he did not serve Mallard's Pointe's attorney, Hiestand, with its motion for entry of default judgment.

L & L Investors filed its motion for default judgment on November 15, 2005. However, we note that while Lyp withdrew from representing Mallard's Pointe in August 2005, attorney Hiestand did not enter his appearance on behalf of Mallard's Pointe until December 15, 2005. Therefore, at the time L & L Investors filed its motion for default judgment, there was no attorney on record as representing Mallard's Pointe.

Indiana Trial Rule 5(A) (2006) provides, in part, "[u]nless otherwise provided by these rules or an order of the court, each party and special judge, if any, shall be served with . . . (2) every written motion except one which may be heard ex parte." Trial Rule 5(B) subsequently provides, "Whenever a party is represented by an *attorney of record,* service shall be made upon such attorney." *Id.* (emphasis added). As there was no attorney of record at the time L & L Investors filed its motion, we conclude that under the Indiana Trial

Rules, L & L Investors was not required to send a copy of the motion to anybody other than the party, Mallard's Pointe. Therefore, L & L Investors' attorney engaged in no misconduct that would require relief from default judgment.

Second, Mallard's Pointe contends that L & L Investors did not serve it with written notice of the application for default judgment at least three days prior to the hearing on its motion, as required under Trial Rule 55(B). Mallard's Pointe therefore maintains that because of this lack of notice, the trial court abused its discretion in denying its motion for relief from judgment under Trial Rule 60(B)(8), which allows relief for any other reasons not enumerated in the rest of the rule justifying relief from the operation of the judgment.

■ We have already noted that due to the Trial Rule 37 amendments, a trial court is not required to ensure strict compliance with the hearing requirement of Trial Rule 55 in entering a sanction of default judgment. Rather, the applicable standard is whether the entry of default judgment is just. Here, Mallard's Pointe was expressly warned by the trial court that default judgment would be entered if it failed to comply with the discovery request by September 22, 2005. Mallard's Pointe was likewise warned in writing by its counsel, Lyp, even though Lyp had withdrawn as its attorney of record. Mallard's Pointe's numerous delays and inaction with regard to the discovery issues occurred without any explanation whatsoever as to alleged reasons preventing timely, or even tardy, compliance. Thus, it was quite reasonable for the trial court to conclude that Mallard's Pointe's instances of neglect were not "excusable" within the meaning of Indiana Trial Rule 60(B). *See Ross,* 770 N.E.2d at 392.

Because we conclude that Mallard's Pointe has failed to demonstrate a sufficient reason for setting aside the default judgment under Trial Rule 60(B)(3) or (8), we need not decide whether Mallard's Pointe has presented sufficient evidence of a meritorious defense. T.R. 60(B) (2006) (stating that a movant filing a motion for reasons (1), (2), (3), (4), and (8) under the rule must allege a meritorious claim or defense). In light of Mallard's Pointe's blatant disregard of the court's order to comply with L & L Investors' discovery request, we decline to set aside the default judgment entered against it.

### III. Appellate Attorney's Fees

■ L & L Investors submits that it should be reimbursed for the fees and costs that it has incurred in connection with this appeal. L & L Investors contends that it is entitled to the costs of defending this sanction under Indiana Trial Rule 37(A) (2006). However, we note that Trial Rule 37(A) involves motions for compelling discovery, which is not at issue in this case. Rather, the issue is whether we are permitted to grant L & L Investors attorney's fees and costs under Trial Rule 37(B), regarding the sanctions a court can impose when a party has failed to comply with an order.

We find the analysis in *Georgetown Steel Corp. v. Chaffee*, 519 N.E.2d 574 (Ind.Ct. App.1988), *trans. denied,* instructive on this issue. In *Georgetown,* the appellee defended an interlocutory appeal contesting the trial court's order compelling discovery. We awarded the appellee appellate attorney's fees under Trial Rule 37(A), reasoning that the appellant's failure to comply with a reasonable discovery request had generated the appellee's appellate fees. *Id.* at 577. Here, we are confronted with whether we may likewise grant appellate attorney's fees under Trial

Rule 37(B). Trial Rule 37(B) in pertinent part provides:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Ind. Trial Rule 37(B)(2)(e) (2006).

We conclude that the logic in *Georgetown* also applies to attorney's fees provided for under Trial Rule 37(B). Not only did Mallard's Pointe fail to comply with the original discovery request, but it also failed to comply with the trial court's order compelling discovery. In both *Georgetown* and the instance here, the continuing appellate expenses were directly related to the original transgression. *See Matter of Guardianship of Posey,* 532 N.E.2d 9, 13 (Ind.Ct.App.1988), *trans. denied.* "If appellate expenses were not awardable, then the original award would be offset [by an appellee's incurred appellate costs]." *See Georgetown,* 519 N.E.2d at 577. "Thus the same authority that authorized an award of expenses in the trial court, also contemplates an award of appellate expenses." *Id.* However, the trial court is the more appropriate forum for the evidentiary hearing necessary to determine the propriety and amount of such an award, therefore we remand to the trial court on this issue. *Id.*

### Conclusion

We conclude that the trial court's entry of default judgment was just and that the trial court did not abuse its discretion in refusing to grant Mallard's Pointe's motion for relief from judgment. We further determine that L & L Investors is entitled to

appellate attorney's fees for defending the trial court's sanction.

Affirmed and remanded for proceedings consistent with this opinion and to determine the appropriate amount of appellate attorney's fees to be awarded to L & L Investors.

KIRSCH, C.J., and SHARPNACK, J., concur.