**Tom K. DRAKE, Appellant,**

v.

**Nancy J. (Drake) NEWMAN, Appellee.**

**No. 49A02–8908–CV–382.**

Court of Appeals of Indiana, Second District.

Aug. 13, 1990.

Thomas A. Whitsitt, Giddings, Whitsitt & McClure, Lebanon, for appellant.

Maxine T. Bennett, Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant Tom K. Drake (Drake) appeals from a judgment modifying the child support provisions of a previously entered dissolution decree.

We affirm in part and reverse in part.

## FACTS

The facts supporting the trial court's judgment indicate that in October, 1984, Nancy J. Newman[1] (Newman) and Drake were divorced. The parties were awarded joint custody of their three minor children with physical custody granted to Newman. At that time, Drake was ordered to pay support in the amount of $45 per week per child, a clothing allowance, and two-thirds of each child's school fees and uninsured medical expenses. Drake was also awarded two of the children as dependents for tax purposes.

In December 1986, after Newman had petitioned to modify support, the court increased support to $60 per week per child, ordered Drake to pay $20 per week as a clothing allowance, sixty percent of all school expenses and uninsured medical expenses, and $40 per month as reimbursement for insurance premiums. At that time, Newman's annual income was approximately $24,024 compared to Drake's annual earnings of $33,748.

By 1988, Newman's income had increased to $96,460[2] and Drake's income had risen to $38,900. On April 15, 1988, Drake petitioned the court to modify the level of child support by increasing Newman's share in relation to her increased income. Subsequently, Newman moved to modify the earlier decree to increase Drake's share of support.

Following a hearing on the petitions, the court ordered Drake to continue paying the same level of support ordered in December 1986, but decreased Drake's percentage of uninsured medical, dental, and school fees from sixty percent to fifty percent. In addition, the court ordered that Newman should now be entitled to claim two children for tax exemption purposes. Drake now appeals this judgment.

## ISSUES

Drake raises two issues for our consideration, which we restate as:

1. Whether the court erred by failing to reduce Drake's support obligation as requested in his petition?

2. Whether the trial court erred by failing to award Drake attorney's fees because of Newman's failure to provide discovery in a timely fashion?

## DECISION

ISSUE ONE—Whether the trial court erred by failing to reduce Drake's support obligation as request in his petition?

PARTIES' CONTENTIONS—Drake argues that the trial court abused its discretion by not significantly reducing his support obligation in light of Newman's substantially increased salary. Newman responds that Drake is asking the court to reweigh the evidence on appeal.

CONCLUSION—The trial court did not abuse its discretion by not reducing support as requested by Drake.

Drake's argument for a greater reduction in the support obligation is based on the fact that Newman's salary increased by over 300 percent during a two year period while his own salary only increased approximately eight percent over that same period. As such, Drake points out that in

1. During the pendency of this action Newman remarried and assumed her husband's surname.

2. There is some dispute over whether Newman properly amended her financial declaration to show a somewhat lower income of $83,158. Although we are assuming for the purpose of this appeal that the higher figure is correct, the choice of either figure does not affect the outcome of this case.

1986 his income represented 58 percent of the parties' combined income, but only two years later it represented less than 30 percent of that total income. Because of the change in their relative incomes, Drake asserts that he should be entitled to a substantial reduction in child support.

In reviewing a determination of whether a support obligation pursuant to a dissolution decree should be modified, we will reverse a trial court's decision on modification only for an abuse of discretion from a view of the evidence most favorable to the trial court's determination. *McCallister v. McCallister* (1986), Ind.App., 488 N.E.2d 1147. In doing so we will not reweigh the evidence or substitute our judgment for that of the trial judge. *Carlile v. Carlile* (1975), 164 Ind.App. 615, 330 N.E.2d 349.

It is evident from the quantity of statistical information supplied by Drake in the record relating to the incomes and expenses of the parties, that he hopes we will reweigh the evidence (oh, vain hope), and conclude that the trial court erred by failing to substantially reduce his support obligation. When confronted with a motion for modification of support, a trial court is to consider the totality of the circumstances involved in order to ascertain whether a modification is warranted. *Carlile, supra.* In reaching its determination, the trial court is to look at other factors besides the incomes of the respective parties in reaching its determination as to how support is to be modified. *Lepper v. Lepper* (1987), Ind., 509 N.E.2d 818. Drake points to no error with regard to any such additional evidence, but merely disputes the fact the trial court apparently did not give Newman's increased income as much weight as he thought it deserved.[3] There is no error here.

ISSUE TWO—Whether the trial court erred by failing to award Drake attorney's fees because of Newman's failure to provide discovery in a timely fashion?

3. On August 31, 1989, our supreme court adopted the Indiana Child Support Guidelines *effective as of October 1, 1989.* As both Drake and Newman concede, these guidelines were

PARTIES' CONTENTIONS—Drake contends that the trial court abused its discretion by not awarding him attorney's fees for Newman's untimely compliance with discovery. Newman counters that Drake has "unclean hands" and therefore is not entitled to attorney's fees.

CONCLUSION—The trial court should have held a hearing to determine whether attorney's fees should have been awarded to Drake for Newman's failure to timely comply with discovery.

The record shows that during the discovery process Drake three times moved that Newman be compelled to produce various documents and answer interrogatories. *Record* at 44, 144, 151. All three of these motions were granted by the court. *Record* at 48, 148, 162. In his final motion to compel, Drake also asked that the court sanction Newman by awarding him reasonable attorney's fees for the work involved in preparing the motion. *Record* at 151. In the court's order, which was apparently drafted by Drake, the court granted the motion to compel, but crossed out language relating to attorney's fees. *Record* at 162. Although there is no docket entry indicating the trial court ruled on Drake's request for attorney's fees, it would appear from the manner in which the order was altered that the request was denied, and so we will treat it as such for the purpose of this appeal.

Ind. Rules of Procedure, Trial Rule 37(A), which provides for the award of expenses associated with motions to compel discovery, reads in pertinent part:

"(4) *Award of Expenses of Motion.* If the motion is granted, the court *shall, after opportunity for hearing,* require the party or opponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees,

not in effect at the time of the modification. Therefore, those guidelines do not control the outcome of this case.

unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

(Emphasis supplied).

This provision reflects a substantial change in policy. Prior to the amendment in 1982, T.R. 37 provided that a "court *may* allow expenses, including attorney's fees" when a party in "bad faith and abusively resist[s] or obstruct[s]" discovery. (Emphasis supplied). T.R. 37(B)(2) (1981). Thus, by replacing "may" with "shall" in 1982 and providing for a hearing, our supreme court clearly intended to remove the discretion trial courts previously had to summarily dismiss a party's request for expenses associated with motions to compel.

■ While the parties make no reference to it, we should recognize that Ind.Code 31–1–11.5–16 provides that a trial court may in its discretion award attorney's fees in dissolution matters. However, T.R. 37 is a specific supreme court rule relating to awarding of attorney's fees in connection with motions to compel (a procedural matter), and therefore prevails over the statutory provision. *Augustine v. First Federal Sav. & Loan Ass'n of Gary* (1979), 270 Ind. 238, 384 N.E.2d 1018.

In applying the amended T.R. 37, this court observed in *Georgetown Steel Corp. v. Chaffee* (1988), Ind.App., 519 N.E.2d 574, *trans. denied:*

> "[O]n granting a motion to compel discovery, the presumption is that the trial court will also order reimbursement of the prevailing party's expenses. This award is mandatory, subject only to showing that the losing party's conduct was 'substantially justified', or that 'other circumstances make an award of expenses unjust.' "

*Id.* at 576.

The record fails to disclose that a hearing was ever held on Drake's request for attorney's fees or that Newman presented any evidence to show that her failure to answer the interrogatories in a timely fashion was "substantially justified" or that there were "other circumstances" which would make the award of attorney's fees unjust. In fact, the record does not disclose Newman responded at all to Drake's final motion to compel and request for sanctions other than answering the interrogatories as ordered by the court.

■ Upon the granting of a motion to compel, at which time the moving party also requests reimbursement for the expense associated with making such a motion, a court is to hold a hearing at which it is to ascertain whether the non-moving party's noncompliance with discovery was substantially justified or whether other circumstances would make the award of expenses unjust. *See* T.R. 37; *Georgetown Steel Corp., supra.* If at the hearing, the non-moving party fails to show the noncompliance was justified or why an award of expenses would be unjust, then the trial court is required to award reasonable attorney's fees to the moving party. T.R. 37; *Georgetown Steel Corp., supra.*

So we must conclude the trial court erred in not holding a hearing to make these determinations.

This case is remanded to the trial court to hold a hearing to determine whether attorney's fees should be awarded under T.R. 37. In all other respects, the judgment is affirmed.

Judgment affirmed in part and reversed in part.

ROBERTSON, J., concurs.

SULLIVAN, J., concurs in result.