# FOR PUBLICATION



FILED
Aug 19 2014, 9:48 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RONALD J. WAICUKAUSKI**
**YVONNE BALLESTEROS**
Price Waicukauski & Riley, LLC
Indianapolis, Indiana

**JUDY M. TYRRELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**KEVIN W. BETZ**
**SANDRA L. BLEVINS**
Betz + Blevins
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LISA B. GONZALEZ, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1311-DR-984 |
| | ) | |
| R. STANTON EVANS, | ) | |
| | ) | |
| Appellee-Non-Party. | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-0810-DR-1818

**August 19, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Lisa Gonzalez appeals the trial court's order requiring her to pay $8289.33 in attorney fees to R. Stanton Evans and its failure to require Evans to pay any attorney fees to her. We affirm in part and reverse and remand in part.

**Issues**

The issues before us are:

I. whether the trial court properly ordered Gonzalez to pay $8289.33 in attorney fees to Evans in connection with his response to Gonzalez's subpoena; and

II. whether the trial court erred in not holding a hearing on Gonzalez's request to be awarded attorney fees in connection with her motion to compel discovery from Evans.

**Facts**

Gonzalez was married to Hector Gonzalez. The two divorced in 2009, after the trial court approved their property settlement agreement and made it part of the dissolution decree. The agreement included representations from Hector stating he did not have, and never had, any interest in certain valuable business entities. Gonzalez claims she later learned that these representations were false and, therefore, Hector had many more assets at his disposal, undervalued the marital estate, and fraudulently induced her acceptance of the property settlement agreement. Gonzalez filed a motion to modify the dissolution decree's marital property distribution based on this new information.

In seeking further information related to Hector's business interests, on September 7, 2012, Gonzalez subpoenaed Evans, Hector's business partner in various endeavors. The

subpoena contained seventeen separate requests for production of various documents related to Hector's involvement in thirty-one different business entities. As required by Indiana Trial Rule 34(C)(3) for subpoenas on non-parties, the subpoena informed Evans that he was "entitled to payment for damages resulting from your response" to the subpoena. App. p. 70. The subpoena requested production of the documents within thirty days.

On September 26, 2012, counsel for Evans wrote to Gonzalez's counsel, stating Evans believed "the Subpoena is very broad, intrusive and expansive and exceeds the acceptable bounds of discovery on a non-party." Id. at 73. The letter also stated that Evans would "move for protective order or to quash the Subpoena unless we are able to reach some agreement on the payment of attorneys' fees and costs necessary for Mr. Evans to respond to this overbroad and burdensome Subpoena." Id. Evans never moved for a protective order or sought to quash the subpoena, nor has there ever been any claim that Gonzalez sought privileged material.[1] On October 7, 2012, Evans obtained, with Gonzalez's consent, an extension of time to respond to the subpoena until October 25, 2012. When that date passed, Evans obtained a second extension of time to respond until November 16, 2012.

That date also passed with no production. Counsel for both parties then began communicating by phone and email regarding production of the documents. By mid-

---

[1] Evans claims in his brief, "[Gonzalez's] counsel told counsel for Mr. Evans not to provide a formal, written response with detailed objections to each request, because she did not want to pay for Mr. Evans' counsel to prepare the responses." Appellee's Br. p. 4. This assertion is not supported by any citation to the record, in violation of Indiana Appellate Rule 22(C). In her reply brief, Gonzalez denies having "directed" Evans's attorney in such a fashion.

3

November 2012, however, Evans had already compiled the documents—nearly 1000 pages worth—after spending approximately five hours doing so.[2] Gonzalez claims there was a verbal agreement that the documents would be delivered to a business for copying and scanning by November 16, 2012.[3] Gonzalez agreed to pay the copying costs. However, the documents were not delivered. Emails sent between counsel for Gonzalez and Evans do not mention any demand by Evans to be paid attorney fees before the documents would be produced. Instead, counsel for Evans blamed delays in production upon emergency filings and an oral argument before this court in another case.

On December 5, 2012, counsel for Evans wrote counsel for Gonzalez demanding payment of $1500 in attorney fees and $500 to Evans for his time spent in complying with the subpoena before the documents would be turned over. The letter asserted that "this was made necessary by the over-breadth of the Subpoena." Id. at 95. It also stated that, if no agreement was reached regarding payment of this $2000, Evans would "immediately file a motion for protective order" and seek recovery of all attorney fees without limit; likewise, "If you proceed to file a Motion to Compel, then we will also seek protection from the Court and all fees associated with contesting that Motion." Id.

---

[2] At oral argument, counsel for Evans asserted that the documents had not been compiled by early November 2012. However, in a response to Gonzalez's motion to compel, counsel for Evans wrote that they and counsel for Gonzalez "conferred again by phone on November 13, 2012, wherein Mr. Evans informed Ms. Gonzalez that he had up to 1,000 pages of documents that were reasonably responsive to Ms. Gonzalez's nonparty document requests." App. p. 97. This, along with other evidence in the record, plainly indicates that the documents were, in fact, compiled no later than November 13, 2012.

[3] There is no written confirmation of this agreement by Evans's counsel in the record.

Gonzalez agreed to pay Evans $500 for his time but refused to pay any attorney fees, and the documents were not delivered. Instead, on January 22, 2013, Gonzalez filed a motion to compel production of the documents, requesting an award of attorney fees along with production of the documents. Evans responded with a request that any granting of the motion to compel be conditioned upon Gonzalez's "prepayment of damages to be proximately incurred by Mr. Evans, including reasonable attorneys' fees incurred in reasonable resistance and in establishing such damages." Id. at 101. Evans did not seek to quash or limit the subpoena. On February 26, 2013, the trial court entered an order "conditionally granting" Gonzaelz's motion to compel and ordering Evans to produce the documents she requested, "within ten (10) days following the prepayment of damages" to Evans "for his reasonable resistance and/or response" to the motion to compel. Id. at 125. The order did not specify the amount of damages to be paid or whether "damages" included attorney fees.

On March 6, 2013, Evans filed a "Verified Petition for Damages." Within this petition, Evans claimed to have personally spent ten hours on the subpoena and sought "damages" of $2500, or ten times his regular business consulting fee of $250 per hour. The petition also stated that Evans's attorneys and a paralegal incurred $8430 in fees working on the subpoena. Although this amount totaled over $10,900, Evans said he was willing to accept only $7520.35 in damages, "[i]n the interests of justice and fairness . . . ." Id. at 129. On March 21, 2013, the trial court ordered Gonzalez to pay Evans $500, "and the Court will decide the amount [Gonzalez] shall pay toward [Evans]'s attorney fees upon presentment of detailed audit of hours worked in resolving this discovery dispute." Id. at

5

140. The order required production of the documents within ten days of the payment of $500; apparently, both this payment and the production of the documents did occur at some point.

On July 1, 2013, Evans filed a "Verified Audit" of the hours his attorneys had spent working on the subpoena issue. Id. at 141. The audit asserted that attorneys and paralegals for Evans had spent 45.75 hours on the issue, at a total cost of $17,123.75. However, the audit "non-charged" $8051.25 of that amount, and further reflected a "discount" of ten percent, with the end result that Evans's attorneys were seeking a total of $8289.33, including expenses for postage and copying. Id. at 147. Gonzalez cites this fee affidavit as indicating that counsel only spent 1.5 hours actually helping Evans compile the documents requested by the subpoena, with the remainder of the time spent on fighting the subpoena and seeking collection of attorney fees. However, it is not clear how Gonzalez arrived at this determination.

The trial court held a hearing on this "audit" on October 28, 2013. There is no indication in the record that the trial court ever held any other hearing in conjunction with the subpoena. This hearing focused exclusively upon Evans's attorney fees request. Counsel for Gonzalez chose not to conduct any cross-examination related to the "audit" after being given the opportunity to do so. Also, no evidence was presented regarding the amount of attorney fees Gonzalez incurred in pursuing the subpoena and motion to compel; in fact, that issue was not mentioned at all during the hearing. Gonzalez likewise never filed an attorney fee affidavit in relation to the subpoena. After the hearing, the trial court awarded Evans $8289.33 in attorney fees and costs. Gonzalez now appeals.

6

**Analysis**

Trial courts have broad discretion in making discovery rulings, and this court will reverse such rulings only when there is an abuse of that discretion. International Bus. Mach. Corp. v. ACS Human Servs., LLC, 999 N.E.2d 880, 885 (Ind. Ct. App. 2013), trans. denied. "'Discretion is a privilege afforded a trial court to act in accord with what is fair and equitable in each case.'" Vernon v. Kroger Co., 712 N.E.2d 976, 982 (Ind. 1999) (quoting McCullough v. Archbold Ladder Co., 605 N.E.2d 175, 180 (Ind. 1993)). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if it misinterprets the law. IBM, 999 N.E.2d at 885.

A trial court's discovery rulings are given a strong presumption of correctness because they are usually fact-sensitive. Id. This presumption also applies to rulings regarding violations of discovery orders and attendant sanctions; to reverse such rulings, there must be clear error and resulting prejudice. Id. The underlying purposes of the Indiana Trial Rules' discovery provisions are to provide for a minimum of court involvement in the discovery process and to allow for a liberal discovery procedure. Chustak v. Northern Indiana Pub. Serv. Co., 259 Ind. 390, 395, 288 N.E.2d 149, 153 (1972).

*I. Award of Attorney Fees to Evans*

The first issue in this case is whether there was a sound basis upon which the trial court could award Evans over $8000 in attorney fees in relation to the subpoena, where he never sought a protective order with respect to the subpoena. This case requires us to

balance the interest in allowing liberal discovery procedures against the competing interest in protecting non-parties to litigation from having to bear the expense of participating in lawsuits in which they are strangers. Ultimately, we conclude that a non-party served with a subpoena for documents may be entitled to collect attorney fees strictly related to complying with the subpoena, but that any additional fees, including those incurred in fights over such fees, are not compensable unless the non-party had a reasonable basis for resisting the subpoena.

Here, although Evans refers to Gonzalez's subpoena as allegedly being overbroad and intrusive, he never filed for a protective order, nor did the trial court ever find the subpoena to be overbroad or intrusive. The gist of this case is that Evans claims he was entitled to insist that Gonzalez pay attorney fees to him in an amount he requested before he had to comply with the subpoena. Evans's argument is based on Indiana Trial Rule 34(C)(3), which governs discovery requests to non-parties and states:

> The request shall contain the matter provided in subsection (B) of this rule. It shall also state that the witness or person to whom it is directed <u>is entitled to security against damages or payment of damages resulting from such request</u> and may respond to such request by submitting to its terms, by proposing different terms, by objecting specifically or generally to the request by serving a written response to the party making the request within thirty (30) days, or by moving to quash as permitted by Rule 45(B). Any party, or any witness or person upon whom the request properly is made may respond to the request as provided in subsection (B) of this rule. If the response of the witness or person to whom it is directed is unfavorable, if he moves to quash, if he refuses to cooperate after responding or fails to respond, or if he objects, the party making the request may move for an order under Rule 37(A) with respect to any such response or objection. <u>In granting an order under this subsection and Rule 37(A)(2) the</u>

> court shall condition relief upon the prepayment of damages to be proximately incurred by the witness or person to whom the request is directed or require an adequate surety bond or other indemnity conditioned against such damages. Such damages shall include reasonable attorneys' fees incurred in reasonable resistance and in establishing such threatened damage or damages.

(Emphases added). Evans contends that, under the language of this rule, he reasonably resisted Gonzalez's subpoena because Gonzalez refused to pay any security against any damages Evans might sustain and, therefore, he was entitled to an award of attorney fees. Gonzalez asserts that "reasonable resistance" to a subpoena cannot be based solely upon a responding party's insistence to be paid attorney fees before complying with the subpoena.

Only one Indiana case has directly addressed Indiana Trial Rule 34(C)(3), and that is IBM. There, IBM sent a subpoena to ACS requesting a vast number of documents and electronic files. ACS was a non-party in the litigation between IBM and the State regarding the failed "modernization" of the State's welfare system. ACS was slow to respond to the subpoena, and IBM filed a number of motions to compel, several of which the trial court granted. It does not appear that IBM paid anything to ACS before ACS eventually produced the requested documents, nor did ACS demand prepayment of any security or damages before it would produce the documents. After the trial between IBM and the State was concluded, ACS filed a motion seeking an award of costs and attorney fees associated with the subpoena. The trial court awarded ACS some of its sought-after costs related to an e-discovery vendor and attorney fees related to a document review team because of the "extraordinary number of requested documents." IBM, 999 N.E.2d at 885. However, the trial court did not award any attorney fees to ACS related to challenging or failing to timely

9

comply with the subpoena because ACS did not demonstrate that it engaged in reasonable resistance to the subpoena. Also, upon motion by IBM, the trial court awarded it a substantial amount of attorney fees against ACS as sanctions for ACS's delays in producing discovery.

On appeal by IBM, arguing that the trial court had awarded ACS too much in damages related to the subpoena, and cross-appeal by ACS, arguing that it had been awarded too little in damages and was improperly sanctioned, we affirmed. Among other issues, we addressed ACS's cross-appeal claim that the trial court erred in not awarding it any attorney fees in connection with counsel's resistance to IBM's subpoena. We noted that no prior cases had interpreted the damages provisions of Trial Rule 34(C)(3), but that, as in other cases, "it is incumbent upon an individual seeking the payment of fees and costs to prove their entitlement to such an award." Id. at 889-90. This court further explained:

> Trial Rule 34 requires a requesting party to provide security against damages "proximately incurred" by a non-party from whom discovery is sought. While we lack prior case law to decide this point, and the parties do not direct us to any cases interpreting this portion of the Trial Rule, we note that the rule uses language harkening to the concept of "proximate cause" in tort law. In that area of law, damages have their proximate cause in an alleged breach of care when "the injury was a natural and probable consequence of the negligent act, which, in light of the attending circumstances, could have been reasonably foreseen or anticipated." And, as in assessing proximate cause, it is plain that under Trial Rule 34(C)(3) some fact-finding is necessary to determine what damages were incurred in responding to a discovery request. Moreover, we observe that equitable considerations are within the scope of the trial court's discretion in reaching decisions on discovery matters.

10

> Thus, Trial Rule 34(C)(3) does not by its plain language require that the trial court order payment for <u>all</u> damages a non-party might incur. To hold as much, absent an express statement in the Rule requiring such a conclusion, would be to undermine the trial court's exercise of discretion in discovery matters. Thus, ACS was not as a matter of law entitled to full compensation of all its costs and fees by operation of Trial Rule 34(C) alone.

<u>Id.</u> at 890 (citations omitted).

Applying this standard, we held the trial court did not abuse its discretion in refusing to award any attorney fees to ACS associated with resisting the subpoena and in awarding it only one-half of the costs and other fees it sought. We noted that the trial court denied very few of IBM's motions to compel discovery and that, even if IBM had not sought discovery from ACS, the State would have. And, although IBM requested a vast amount of information from ACS, ACS did not explain delays in production, forced the trial court to "'ride herd'" over the discovery process, and incorrectly claimed that much of the sought-after information was privileged. <u>Id.</u> at 890-91.

There are some similarities between ACS's situation and Evans's. Both, relatively speaking, were subjected to broad discovery requests. Neither ACS nor Evans ever established a proper basis for resisting discovery, such as that the subpoena was overbroad or intrusive or sought privileged materials. The delays in production by ACS largely were unexplained, and the delay in production by Evans largely was explained only by his demand to be paid a certain amount before production would occur, not by any inherent

11

difficulty in compiling the necessary documents;[4] i.e., the documents apparently were compiled by early November 2012, but were not produced until the spring of 2013, after Gonzalez paid the $500 to Evans that she had previously agreed to pay him. Despite these similarities, the trial court here was not compelled to deny Evans's attorney fees request, given the broad discretion trial courts have in discovery matters. Generally, where abuse of discretion is the standard of review, an appellate holding that a trial court did not abuse its discretion in making a ruling does not mean that a similar ruling is required in a different case with similar facts. See Maxwell v. Maxwell, 850 N.E.2d 969, 974 (Ind. Ct. App. 2006), trans. denied.

We conclude that the amount of attorney fees the trial court awarded Evans exceeded the bounds of what is contemplated by Trial Rule 34(C)(3). The trial court awarded those fees following Gonzalez's motion to compel under Trial Rule 37(A)(2). Trial Rule 34(C)(3) requires a trial court to condition the granting of a motion to compel production of documents from a non-party "upon the prepayment of damages to be proximately incurred by the witness or person to whom the request is directed . . . ." However, in the present case, the trial court technically only required Gonzalez to pay $500 to Evans as a precondition for production of the documents; the attorney fees were to be determined later, but payment of them by Gonzalez was not a precondition of the order to

---

[4] As noted, ACS did not seek recoupment of its attorney fees and costs until after the trial between IBM and the State was over. Unlike Evans, ACS did not attempt to force IBM to pay those fees and costs as a precondition of its compliance with the subpoena.

12

compel. Thus, strictly speaking, the attorney fees were awarded outside the parameters of Trial Rule 34(C)(3).

The key here in our view is that Gonzalez proximately caused only a small percentage of the attorney fees that Evans incurred. That is to say, the subpoena requested a considerable amount of financial information related to a number of business entities. It was entirely reasonable for Evans to consult with an attorney regarding the scope of the subpoena, determine what needed to be provided to Gonzalez, and to review the matter to determine if the subpoena sought any privileged material or anything of that nature.

To the extent Gonzalez argues Evans was not entitled to any attorney fees for such consultation and assistance, we disagree.[5] In IBM, we also affirmed, over IBM's objection, the award of $354,070 to ACS related to a document review team complied by outside counsel to review and redact documents that eventually were produced to IBM. IBM, 999 N.E.2d at 894-95. This holding indicates that Trial Rule 34(C)(3)'s general reference to

---

[5] Gonzalez cites federal cases for the proposition that Evans did not reasonably resist the subpoena because he failed to specify precisely how the subpoena was overbroad or unduly intrusive. See, e.g., Boyer v. Gildea, No. 1:05-CV-129, 2008 WL 4911267 at *4 (N.D. Ind. Nov. 13, 2008). These cases, however, addressed whether it was proper to compel production of documents from a non-party, not whether the non-party was entitled to any compensation for complying with a subpoena. Additionally, a non-party may be compelled to comply with a discovery request, yet still have a reasonable basis for resisting the request. This is made clear from the language of Trial Rule 34(C)(3) itself, which provides for granting a motion to compel while at the same time requiring the prepayment of expenses to the subpoenaed party, "including attorney fees incurred in reasonable resistance . . . ."

Most importantly, the Federal Rules of Civil Procedure are completely different than the Indiana Trial Rules with respect to non-party subpoenas and awards of attorney fees. Specifically, Federal Rule of Civil Procedure 34(C) does not contain any provision permitting non-parties to obtain damages for responding to a subpoena. Indiana Trial Rule 34(C)(3) is more protective of non-parties than the Federal rules, because it has an express provision for allowing non-parties to obtain "damages" that might result from complying with a subpoena. Reference to the Federal Rules of Civil Procedure and cases decided thereunder are of little help in this case, given the completely different wording of the relevant Federal rule from the Indiana rule.

"damages . . . proximately incurred by the witness or person" may include attorney fees directly related to complying with a subpoena, regardless of whether there was a basis for resisting it.

We acknowledge that Indiana follows the American Rule regarding attorney fees, meaning that such fees generally are not considered to be "damages," in the absence of statutory authority, an agreement between the parties, or an equitable exception such as "obdurate behavior" or "common fund." Lorapex, LLC v. MPI Release Tech., LLC, 964 N.E.2d 806, 816-17 (Ind. 2012). However, we observe that Trial Rule 34(C)(3) expressly includes as recoverable "damages" attorney fees not only for "reasonable resistance" to a discovery request, but also for such fees "incurred . . . in establishing such threatened damage or damages." (Emphasis added). A discovery request such as the one in this case carries a "threat" of damages to a subpoenaed party if, for example, privileged material is disclosed. Non-parties subjected to subpoenas, such as when sensitive financial information is sought as in Evans's case, may reasonably be expected to consult with counsel to ensure compliance with the subpoena without unnecessarily divulging privileged information or to determine whether there is any legal basis to object to the subpoena. We conclude that an award of attorney fees to a non-party associated with attorney review of a discovery request and assistance with complying with that request is within the parameters of the heightened protection provided to non-parties under Trial Rule 34(C)(3).

If, however, such review by counsel fails to divulge a reasonable basis for resisting the subpoena, the requested material should be provided promptly. We conclude Gonzalez

14

did not proximately cause Evans to refuse to turn over the documents he compiled by mid-November, and to withhold them for several months and not release them until the trial court conditionally granted Gonzalez's motion to compel. Although Evans continues to imply in his brief that Gonzalez's subpoena was overbroad, he never asked the trial court to find that it was overbroad or to quash the subpoena or to modify it. The trial court, in fact, never did find that the subpoena was overbroad. Evans also does not argue that the subpoena sought information that was privileged, or irrelevant to Gonzalez's underlying action against her ex-husband, or anything of the kind. The only possible "reasonable" basis Evans had for resisting the subpoena—especially after Evans had already compiled the documents—would have been his insistence upon security in the form of Gonzalez paying attorney fees before the documents would be produced.

Some comparison to the Indiana rule governing motions to compel discovery, and awards of sanctions thereon, is helpful in defining the otherwise undefined term "reasonable resistance" in Trial Rule 34(C)(3). Specifically, Trial Rule 37(A)(4) provides that if a motion to compel is granted or denied, the trial court shall award attorney fees to the party who wins the motion, unless the losing party can establish that the resistance to or seeking of discovery was "substantially justified or that other circumstances make an award of expenses unjust." This court has defined "substantially justified" resistance to or seeking of discovery as existing "if reasonable persons could conclude that a genuine issue existed as to whether a person was bound to comply with the requested discovery." Penn Cent. Corp. v. Buchanan, 712 N.E.2d 508, 513 (Ind. Ct. App. 1999), trans. denied.

15

The "substantially justified" language is similar to the "reasonable resistance" language, so it makes sense that the same "reasonable persons" definition might apply under both rules. The "substantially justified" standard under Trial Rule 37(A)(4) is used to avoid the payment of attorney fees, while the "reasonable resistance" standard under Trial Rule 34(C) entitles one to attorney fees. And, the drafters of the rules chose not to use exactly the same language in both rules. It is difficult, however, to craft a definition of "reasonable resistance" that is significantly different than "substantially justified."

We also hold that Trial Rule 34(C)(3) does not permit a non-party to unilaterally withhold documents requested by a subpoena unless the requesting party first pays attorney fees in an amount demanded by the non-party. The language of the rule suggests that if a non-party objects to a subpoena, it should either make a written objection to the subpoena within thirty days or move to quash the subpoena under Indiana Trial Rule 45(B). Evans did not file a motion to quash. Evans did write two letters to Gonzalez complaining about the subpoena and requesting attorney fees, but no objections were filed with the trial court. Evans never articulated or specified anything more than broad generalities in attempting to explain what was objectionable or onerous about the subpoena aside from the fact that it requested much information. Despite that claim, it ultimately took Evans only about five hours to collect all the information requested by the subpoena. After that, there was no reasonable basis for refusing to give the documents to Gonzalez.

Regardless, Evans claims he was permitted to perpetually withhold that information from Gonzalez unless she agreed to pay security to him in an amount set by him. Even if Trial Rule 34(C)(3) permits a subpoenaed party to ask for prepayment of security from the

16

subpoenaing party, we do not believe that a disagreement between the parties as to the appropriate amount of such security permits the subpoenaed party to withhold the documents indefinitely and to run up more attorney fees in the process. In discovery matters, parties are encouraged, even required by rule, to "[m]ake a reasonable effort to reach agreement with the opposing party concerning the matter which is the subject of the motion or request . . . ." Ind. Trial Rule 26(F)(1). Although discovery is intended to require little trial court supervision or assistance, trial courts may become involved in the process when the system breaks down. M.S. ex rel. Newman v. K.R., 871 N.E.2d 303, 311 (Ind. Ct. App. 2007).

Here, Gonzalez offered to pay Evans $500 in connection with the subpoena, while Evans ultimately demanded $2000. Once it was clear Gonzalez and Evans could not agree upon an appropriate amount of security for the subpoena, and there being no substantive reason for resisting it, we believe it was incumbent upon Evans to provide the documents to Gonzalez and ask the trial court to settle the matter of his attorney fees. Given the considerable interest in allowing liberal discovery procedures, we conclude there was no reasonable resistance to Gonzalez's subpoena by Evans and that he was not entitled to any attorney fees related to such resistance. For the present case, and based on these specific facts, we conclude that Evans began resisting the subpoena—unreasonably so—for the time period after he had already compiled the documents but refused to turn them over to Gonzalez. Once the documents were in fact compiled, they should have been immediately provided to Gonzalez, and Evans could have then filed a petition for fees with the trial court.

17

Given our above holdings, we reverse the attorney fees award of $8289.33 to Evans. We remand to the trial court for a determination of how much in attorney fees Evans actually incurred in relation to his compliance with the subpoena and document review by his attorneys, excluding such fees related to Evans's months-long effort to avoid providing the documents to Gonzalez.[6] In our view, this resolution properly balances the general interest in liberal discovery procedures underlying the Indiana Trial Rules with the extra protection for non-parties expressly provided for in Trial Rule 34(C)(3).

## II. Non-Award of Attorney Fees to Gonzalez

Gonzalez also contends the trial court erred in not holding a hearing to determine whether she was entitled to an award of attorney fees in connection with her motion to compel.[7] Indiana Trial Rule 37(A)(4) provides that if a motion to compel is granted,

> the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If a motion to compel is denied, the trial court shall award attorney fees to the non-moving party, unless, "after opportunity for hearing," the trial court finds that "the making of the

---

[6] Also excluded would be fees related to communications with counsel for Gonzalez regarding whether and when the subpoenaed documents would be produced.

[7] Counsel for Evans has cited a not-for-publication memorandum decision from this court in support of his arguments on this issue. At oral argument, we admonished counsel that such citation was in clear violation of Indiana Appellate Rule 65(D) as currently written. We emphatically state that this Court will strike from a brief any citations to not-for-publication decisions, unless they fit an exception in Appellate Rule 65(D). That rule is there for a reason. There is a distinct difference between for-publication and not-for-publication opinions. The rule and policy of this Court are clear, and any assumptions to the contrary are incorrect.

18

motion was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(A)(4) further provides if a motion to compel "is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

When a party moves to compel discovery and to be awarded attorney fees in conjunction with the motion and the trial court grants the motion to compel, the trial court must hold a hearing to ascertain whether the non-moving party's noncompliance with discovery was substantially justified or whether other circumstances would make the award of expenses unjust. Drake v. Newman, 557 N.E.2d 1348, 1352 (Ind. Ct. App. 1990), trans. denied. If the non-moving party fails to show that its non-compliance was justified or why an award of expenses would be unjust, the trial court must award reasonable attorney fees to the moving party. Id. There is a presumption that attorney fees will be awarded to a party who successfully moves to compel discovery. Georgetown Steel Corp. v. Chaffee, 519 N.E.2d 574, 576 (Ind. Ct. App. 1988), trans. denied.

Here, Gonzalez's motion to compel clearly requested that she be awarded attorney fees in conjunction with the motion. The trial court in two separate orders conditionally granted the motion to compel, and ultimately required Gonzalez to pay $500 to Evans before he had to comply with the subpoena, without ever holding a hearing on the matter. The two orders issued by the trial court regarding the motion to compel also were silent regarding Gonzalez's attorney fees request. In a clear-cut case such as Drake, this plainly would have been erroneous, and we would be required to remand this case for a hearing regarding Gonzalez's attorney fees.

19

This case is not clear-cut. We conclude that Gonzalez has waived her claim to attorney fees, and Drake does not apply here. Although Trial Rule 37(A)(4) is largely designed to be self-executing with respect to attorney fees, we first note that it is unclear that this was a case where Gonzalez automatically was entitled to fees, given that the granting of her motion was conditioned upon payment of security to Evans. Furthermore, Gonzalez had numerous time and opportunities to present some evidence or argument to the trial court regarding her attorney fees, but she never did so. Generally, a party waives an issue that he or she failed to present to the trial court when there was an opportunity to present that issue. In re R.P., 949 N.E.2d 395, 399 (Ind. Ct. App. 2011). Gonzalez never expressly requested a hearing to address her attorney fees claim, she never submitted any attorney fees affidavit to the trial court, and she (or her attorney) did not mention her purported entitlement to attorney fees during the hearing addressing Evans's attorney fees claim. Approximately ten months passed between the time of the conditional granting of Gonzalez's motion to compel and that hearing. We believe Gonzalez had an obligation under these circumstances to present some evidence or argument to the trial court at some point regarding her attorney fees or to request a hearing on them, particularly given that it is not perfectly clear whether she automatically was entitled to them. Gonzalez has waived her claim to attorney fees, and we will not address the issue.

## Conclusion

We interpret Trial Rule 34(C)(3) as permitting non-parties to recover attorney fees associated with complying with a subpoena or other discovery request, but that refusing to comply with a discovery request solely on the basis that the parties cannot agree on an

20

appropriate amount to pay does not constitute reasonable resistance to a discovery request. Evans did not reasonably resist Gonzalez's subpoena, but he is entitled to some attorney fees associated with complying with the subpoena. Therefore, we reverse the award of $8229.33 in attorney fees to Evans and remand for determination of the amount of attorney fees he incurred in strict relation to complying with the subpoena. We affirm the trial court's failure to award any attorney fees to Gonzalez upon her motion to compel, given her failure to present any evidence or make any argument to the trial court regarding any such fees despite having an opportunity to do so.

Affirmed in part, reversed in part, and remanded.

VAIDIK, C.J., and BAKER, J., concur.

21