## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2017, 5:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Molly E. Briles
Ziemer, Stayman, Weitzel &
Shoulders, LLP
Evansville, Indiana

ATTORNEY FOR APPELLEES

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry W. Hollerbach and
Jerri A. Hollerbach,

*Appellants-Defendants,*

v.

Kerri English and
Steven English,

*Appellees-Plaintiffs.*

March 15, 2017

Court of Appeals Case No.
82A01-1609-PL-2289

Appeal from the Vanderburgh
Superior Court

The Honorable Leslie C. Shively,
Judge

Trial Court Cause No.
82D01-1411-PL-5378

**Robb, Judge.**

# Case Summary and Issues

[1] Steven and Kerri English filed a complaint alleging Larry Hollerbach, Jr. and Jerri Hollerbach (the "Hollerbachs") caused damage to their private lane. During the pendency of the case, the Hollerbachs filed a motion to compel discovery, which the trial court granted without a hearing. After discovery was completed, the Hollerbachs filed a motion for summary judgment in which they argued, among other things, that the Englishes' claim was barred by the statute of limitations and they were entitled to attorney's fees. The trial court granted in part and denied in part their motion for summary judgment, specifically declining to award attorney's fees. The Hollerbachs now appeal, raising two issues for our review: (1) whether the trial court erred in failing to hold a hearing on their request for attorney's fees pursuant to Indiana Code section 34-52-1-1, and (2) whether the trial court erred in failing to hold a hearing pursuant to Indiana Rule of Trial Procedure 37(A)(4). Concluding the trial court did not err in failing to hold a hearing on either issue, we affirm.

# Facts and Procedural History

[2] The Englishes live on Heidt Lane in Evansville, Indiana. At the end of Heidt Lane, the Hollerbachs reside with their parents Larry Hollerbach, Sr. and

Judith Hollerbach.[1]  Larry Hollerbach, Jr., Jerri Hollerbach, and Kerri English are siblings.

[3]     Heidt Lane is a private drive extending west off a publicly maintained roadway. Prior to 2003, the lane was entirely gravel.  In 2003, the Englishes and another neighbor hired a contractor to pave Heidt Lane from the publicly maintained roadway to the Englishes' home.  They did not pave beyond the Englishes' home and the portion of Heidt Lane extending to the Hollerbachs' residence remained a gravel road.

[4]     In November of 2014, the Englishes filed a complaint alleging the Hollerbachs caused damage to the paved portion of Heidt Lane with their "continued use and transportation of heavy equipment on the road surface of Heidt Lane." Appellants' Appendix, Volume 2 at 18.  On December 19, 2014, the Hollerbachs filed their answer denying the allegations in the complaint and seeking recovery of their costs and attorney's fees pursuant to Indiana Code section 34-52-1-1.  On September 30, 2015, counsel for the Hollerbachs sent a letter to the Englishes' attorney informing him of their belief that the lawsuit was frivolous and pursued in bad faith.

[5]     On January 19, 2016, the Hollerbachs served interrogatories and requests for production of documents on the Englishes, to which they received unsatisfactory responses.  For example, on February 9, 2016, the Englishes

---

[1] Larry Hollerbach, Sr. and Judith Hollerbach are not parties to this lawsuit.

submitted their answers to the Hollerbachs' interrogatories, but their responses were unsigned and unverified. They did not provide any documents in response to the Hollerbachs' request for production of documents. On March 18, 2016, counsel for the Englishes attempted to provide some documents through an online dropbox; however, counsel for the Hollerbachs could not access the documents. On April 13, 2016, the Hollerbachs again advised the Englishes of the deficiencies in their discovery responses.

[6] On May 25, 2016, the Hollerbachs filed a motion to compel the requested discovery from the Englishes. That same day, the trial court granted the Hollerbachs' motion to compel and ordered all outstanding discovery to be completed by June 3, 2016. The trial court did not grant the Hollerbachs attorney's fees or costs incurred from the discovery dispute and did not schedule a hearing on the matter.

[7] On June 17, 2016, the Hollerbachs filed their motion for summary judgment arguing, among other things, the Englishes' claim was barred by the statute of limitations and the Hollerbachs were entitled to attorney's fees and costs pursuant to Indiana Code section 34-52-1-1. On August 8, 2016, the Englishes filed their response to the Hollerbachs' motion for summary judgment. Following an attorney conference on August 30, 2016, the trial court granted in part and denied in part the Hollerbachs' motion for summary judgment. The trial court did not issue a written order but the entry in the Chronological Case Summary ("CCS") notes the trial court "grants [the Hollerbachs'] motion for

summary judgment and denies [the Hollerbachs'] request for attorney fees."
Appellants' App., Vol. 2 at 7. The Hollerbachs now appeal.

# Discussion and Decision

## I. Indiana Code section 34-52-1-1

The Hollerbachs contend the trial court erred in failing to hold a separate hearing on their demand for attorney's fees pursuant to Indiana Code section 34-52-1-1.

Indiana Code section 34-52-1-1(b) states:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> >
> > (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
> >
> > (3) litigated the action in bad faith.

Simply put, this statute does not require the trial court to hold a hearing and we decline to find the trial court erred in not scheduling a separate hearing on attorney's fees.

The Hollerbachs also assert the trial court erred in failing to hold a hearing because the "Englishes never filed a motion for summary judgment on the

Hollerbachs' counterclaim [for attorney's fees]." Amended Brief of Appellants at 21. Therefore, they assert they were entitled to present evidence in support of their counterclaim for attorney's fees and expenses.

[11] We address this argument briefly. In their answer to the Englishes' complaint, the Hollerbachs requested the trial court award costs and attorney's fees pursuant to Indiana Code section 34-52-1-1. When they filed their motion for summary judgment, they included their request for attorney's fees and argued the Englishes' claim was frivolous. It was the Hollerbachs' decision to request that the trial court address the issue of attorney's fees at the summary judgment stage. *See R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 460 (Ind. 2012) (noting that entertaining petitions for attorney's fees post-judgment is "virtually the norm.").[2] Following an attorney conference, the trial court fully ruled on their motion for summary judgment, granting it in part and denying it in part. The trial court specifically noted in the CCS that it denied their request for attorney's fees. Therefore, the trial court did not grant summary judgment on "some, but not all, of the arguments made as part of the Hollerbachs'

---

[2] The Hollerbachs also argue because they requested a hearing on the issue of attorney's fees in their motion for summary judgment, the trial court was required to grant them a hearing. *See* Ind. Trial Rule 56(C) (stating when a party requests a hearing on a motion for summary judgment within ten days after the response was filed, the court shall hold a hearing). However, the Hollerbachs' motion states the "[Hollerbachs] are entitled to an award of attorneys' fees per Indiana Code section 34-52-1-1 and their costs in defending this action *in an amount to be determined upon further hearing*." Appellants' App., Vol. 3 at 13 (emphasis added). By its plain language, the Hollerbachs' motion requested a hearing on the amount of fees; but the trial court must still make a threshold determination as to whether they were entitled to them. Moreover, to the extent the Hollerbachs argue the issue of attorney's fees was not "ripe for consideration" at the summary judgment hearing, Reply Br. of Appellants at 7, we note that while the *amount* of fees may not have been ripe, whether they were *entitled* to them was.

motion for summary judgment[,]" and it did not err in failing to hold a separate hearing on the Hollerbachs' request for attorney's fees. Reply Brief of Appellants at 9.[3]

## II.  Indiana Rule of Trial Procedure 37(A)

[12] The Hollerbachs also argue the trial court erred in failing to hold a hearing after granting their motion to compel discovery. Indiana Rule of Trial Procedure 37(A)(4), states, in relevant part:

---

[3] We remind the Hollerbachs' counsel that Indiana Rule of Appellate Procedure 46(A)(4) requires the statement of issues to "concisely and particularly describe each issue presented for review." Likewise, Indiana Rule of Appellate Procedure 46(A)(8)(a) requires the argument section contain "the contentions of the appellant on *the issues presented*." (Emphasis added.). The Hollerbachs style their first issue as whether the "trial court err[ed] by failing to hold a hearing on the Hollerbachs' demand for attorney fees . . . ." Amended Br. of Appellants at 4; *see also id.* at 15 (stating the issue as whether they "should have been afforded a hearing on their request for attorney fees"). We have addressed this concern and their statement of the issue does not request a separate review of whether the trial court abused its discretion in declining to award attorney's fees. However, the argument section of the Hollerbachs' brief asserts we should conduct a de novo review of the record and conclude the Hollerbachs are entitled to attorney's fees because the Englishes continued to litigate a frivolous, unreasonable, or groundless claim.

We reject the Hollerbachs' argument for three reasons. First, the Hollerbachs have not properly asserted this issue in their statement of the issue. *See Piatek v. Beale*, 994 N.E.2d 1140, 1142 n.1 (Ind. Ct. App. 2013) (declining to address an issue because, among other errors, it was not properly referenced in the statement of the issues), *trans. denied*. Second, although the Hollerbachs assert de novo review is proper because the issue before the trial court was decided on a paper record, *see Alexin, LLC v. Olympic Metals, LLC*, 53 N.E.3d 1184, 1193 (Ind. Ct. App. 2016), our familiar standard of review of a trial court's decision to award or deny attorney's fees also permits de novo review of the trial court's legal conclusion a claim is or is not frivolous, groundless, or unreasonable, *Wolfe v. Eagle Ridge Holding Co., LLC*, 869 N.E.2d 521, 529-30 (Ind. Ct. App. 2007) (applying de novo review to the trial court's legal conclusion regarding frivolousness). Therefore, in this case, we would first review any findings of fact for clear error, review the trial court's conclusions de novo, and then review the decision whether to award attorney's fees and in what amount for an abuse of discretion. *See id.* at 529. Finally, the ultimate decision to award attorney's fees is subject to the trial court's discretion as the statute is written with the permissive word "may." Ind. Code § 34-52-1-1(b). The use of the word "may" indicates a trial court is not required to act, but may do so within its discretion. *Wolfe*, 869 N.E.2d at 529. In other words, the trial court could find the claim to be frivolous, unreasonable, or groundless and still properly decline to award attorney's fees. *Id.* at 529-30. The Hollerbachs' brief assumes a finding that a claim is frivolous, unreasonable, or groundless entitles them to attorney's fees, and does not address how the trial court abused its discretion in declining to award them.

If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Here, the Hollerbachs' motion to compel clearly requested they be awarded attorney's fees in conjunction with the motion. *See* Appellants' App., Vol. 2 at 10. However, based on the Hollerbachs' phrasing of the issue and the remedy they seek (a hearing), it is clear the only issue before us on appeal is whether the trial court erred in failing to hold a hearing. We conclude it did not.

[13]     First, we think it incumbent upon a party to request a hearing if they desire one. *See Gonzalez v. Evans*, 15 N.E.3d 628, 640-41 (Ind. Ct. App. 2014) (holding a party waives its right to attorney's fees by failing to request a hearing, submit attorney's fees affidavits to the trial court, and alert the trial court to their entitlement to attorney's fees), *trans. denied*. Nothing in the record indicates either party requested the trial court hold a hearing on this matter. Second, the purpose of the hearing is for the benefit of the party that loses the dispute over the motion to compel and to afford them the ability to demonstrate their

"opposition to [or making of] the motion was substantially justified or that other circumstances make an award of expenses unjust." Ind. Trial Rule 37(A)(4); *see also Huber v. Montgomery Cnty. Sheriff*, 940 N.E.2d 1182, 1186-87 (Ind. Ct. App. 2010) (reversing and remanding where the trial court awarded attorney's fees but failed to provide the losing party with a hearing to determine whether their conduct was justified or that an award of expenses would be unjust); *Drake v. Newman*, 557 N.E.2d 1348, 1352 (Ind. Ct. App. 1990) (noting a court is to hold a hearing "to ascertain whether the non-moving party's noncompliance with discovery was substantially justified or whether other circumstances would make the award of expenses unjust") *trans. denied*. This conclusion is underscored by the fact that Trial Rule 37(A)(4) creates a presumption that attorney's fees will be awarded to a party who successfully moves to compel discovery. *See Gonzalez*, 15 N.E.3d at 640. However, as noted above, the Hollerbachs do not appeal the trial court's failure to award attorney's fees. The issue presented was whether the trial court erred in failing to hold a hearing; our conclusion is that it did not.

# Conclusion

[14] The trial court did not err in failing to hold a hearing pursuant to Indiana Code section 34-52-1-1 or Indiana Rule of Trial Procedure 37(A)(4). The judgment of the trial court is affirmed.

[15] Affirmed.

Kirsch, J., and Barnes, J., concur.